O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. DONELL, Receiver for NewPoint Financial Services, Inc., and NewPoint Mortgage Bankers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> MAJID MANDI GHOMI <br><br> Defendant. | Case No. CV 12-00519 DDP (JEMx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE AND VACATE DEFAULT AND DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(1)** <br><br> [Dkt. No. 20] |

Presently before the Court is Defendant's Motion ("Motion") to set aside and vacate the default and default judgment pursuant to Fed. R. Civ. P. 60(b)(1) . Having considered the parties' submissions and heard oral argument,[1] the Court denies the Motion and adopts the following Order.

**I.  BACKGROUND**

The Defendant Majid Mandi Ghomi ("Defendant") invested $40,000.00 (the "Principle Investment") with NewPoint Financial Services Inc. ("NewPoint"), a defendant in a separate enforcement action with the SEC, entitled <u>Securities and Exchange Commission v.</u>

---

[1] No appearance was made on behalf of Defendant at the hearing.

<u>NewPoint Financial Services, Inc.</u>, et al., Case No. 10-CV-0124-DPP-(JEMx) ("SEC Action"). (Complaint ¶ 12.) In the SEC Action, the SEC alleged that NewPoint was operating a Ponzi Scheme and returned money to certain favored investors at the expense of other investors who were not repaid. (<u>Id.</u> at ¶¶ 55-57.) As a result of the SEC Action, the Court appointed Plaintiff, James H. Donell ("Plaintiff" or "Receiver") as acting permanent receiver of NewPoint and specifically authorized the Receiver to bring an action against the Defendant. (<u>Id.</u> at ¶¶ 22-23.) The Receiver alleges that the Defendant invested $40,000.00 in NewPoint ("Principle Investment"), but received payments from NewPoint amounting to $74,183.00. (<u>Id.</u> at ¶¶ 61-63.) As a result of the payments made to him, the Defendant received $34,183.00 more than his Principal Investment such that the Receiver is therefore entitled to recover from the Defendant damages in a sum of $34,183.00 with interest. (<u>Id.</u> at ¶ 69.)

    Between February and April 2012, the Receiver's process server made twenty service attempts at the Defendant's last known residential address in Woodland Hills, California ("Residence") at various hours of the day and evening to no avail. (Decl. re Diligence by Miguel Leyva.) Following the failed service attempts, the Receiver's counsel contacted attorney David Willingham who had previously indicated he represent the Defendant in this matter. (<u>Id.</u> at 6.) Receiver's counsel asked Willingham whether he would accept service of summons and complaint on behalf of the Defendant, which Willingham agreed to do. (Davidson Decl. in Opposition to Motion to Set Aside/Vacate Default ¶ 2.) Receiver's counsel prepared a Notice of Acknowledgment of Receipt of Summons and

1  Complaint, and sent it by Fedex to Willingham, along with copies of
2  Summons and Complaint. (Id.) On August 1, 2012, Receiver's counsel
3  contacted Willingham about returning the Acknowledgment of Receipt
4  of Summons and Complaint. (Id. ¶ 3.) Willingham responded that the
5  firm did not represent the Defendant in the present matter and that
6  he would "get them to sign it and send it to [Willingham] for
7  return to [Receiver's counsel]." (Id.) Willingham did not return
8  any documents to Receiver's counsel. (Id. ¶ 4.)
9      Receiver's counsel conducted further proprietary database
10 searches in an attempt to locate additional information as to the
11 whereabouts of the Defendant. (Eandi Decl. in support of Motion for
12 Service ¶ 5.)  On December 27 and 28, 2012, three additional
13 unsuccessful service attempts were made at the Residence.
14 (Affidavit of Process Server, Dkt. No. 11-3.)  On February 11,
15 2013, the Receiver filed a motion to allow him to serve the
16 Defendant by publication. (Dkt. No. 11.) While the Court
17 subsequently granted that motion on February 20, 2013, (Dkt. No.
18 13) the Receiver did not serve the Defendant by publication. (Proof
19 of Service, Dkt. No. 12.) The Defendant was sub served, by service
20 on his wife, Nazanian Ghomi, at their home on February 14, 2013,
21 and then by US mail. (Dkt. No. 12.) The Defendant later confirmed
22 receipt of the documents. (Ghomi Declaration ¶ 7.)
23     April 1, 2013, filed and served on the Defendant a request for
24 entry of default. (Dkt. No. 14.)  The clerk entered default on
25 April 2, 2013.  The Receiver filed a motion for default judgment on
26 April 10, 2013.  The Defendant took no action until April 25, 2013,
27 when the Defendant called counsel for the Receiver and told him
28 that the Defendant did not believe he owed anything because, he

contended, he had loaned $40,000 to his brother, using NewPoint as an intermediary. On May 13, 2013, counsel for the Receiver received a telephone call from David Scott Kadin ("Kadin") in which Kadin stated that his firm might represent the Defendant and requested that the Receiver set aside the Defendant's default. (Kadin Declaration ¶ 2.) Counsel for the Receiver denied this request. Id.

No appearance was made on behalf of the Defendant at the May 20, 2013, hearing on the Receiver's Motion for Default Judgment. (Minutes, Application for Default Judgment, Dkt. No. 16.)  On May 20, 2013, the Court granted the Receiver's Motion for Default Judgment and judgment was entered. (Dkt. No. 19.) On June 25, 2013, the Defendant filed the present Motion to set aside the default judgment. (Dkt. No. 20.)

Defendant moves to set aside the default and default judgment on the basis that he was not personally served with the Complaint and he was not aware that he was responsible for responding to the court documents delivered to his previous attorney. (Mot. at 4-5.) The Defendant also contends that he has a meritorious defense to the action in that he never invested in NewPoint but rather loaned money to his brother and used NewPoint as the intermediary. (Id. at 5.)

**II.  LEGAL STANDARD**

A Court has the power to set aside a default for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1); Lemoge v. U.S., 587 F.3d 1188, 1192 (9th Cir. 2009).  In the Ninth Circuit, a motion to set aside a default judgment can be denied when "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the

4

defendant's culpable conduct led to the default." <u>In re Hammer</u>, 940 F.2d 524, 525-26 (9th Cir. 1991).  The test is disjunctive, and "[o]nly one of those factors need be present to justify denial of a motion to set aside a default judgment." <u>McManus v. American States Co.</u>, 201 F.R.D. 493, 500 (C.D. Cal. 2000)(citing <u>In re Hammer</u>, 940 F.2d at 526.).  The burden is on the party seeking to vacate the default judgment to demonstrate that the factors are present and favor vacating the judgment.<u>TCI Grp. Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001).

**III. DISCUSSION**

The Defendant contends that the default and default judgment were entered against him due to his mistake, surprise and/or excusable neglect and therefore, the default and default judgment should be set aside and vacated.

**A. Service**

As a threshold matter, the Defendant argues that he was not personally served with the Complaint and Summons.  Under the Federal Rules of Civil Procedure, an individual has been properly served where service is made by leaving copies of the summons and complaint at defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).  Here, the Receiver effected service to Defendant's wife Nazanian Ghomi at Defendant's home at 20857 Martha Street, Woodland Hills, CA, as well as by U.S. mail.  (Proof of Service, Dkt. No. 12.)  The court finds that service was proper.

**B. Culpable Conduct**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to

5

answer." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). Defendant argues that he did not respond to the Summons and Complaint because of his mistaken assumption that these documents related to the SEC Action and that since he was no longer part of that action, he was not required to respond. If the default judgment is obtained because of a mistaken understanding of the facts concerning the duty to respond, relief may be granted. See 999 v. Cox & Co., 574 F.Supp. 1026, 1029 (E.D.M.O 1983)(granting relief where a defendant's answer was late because defendant's counsel acted in good faith reliance on the client's mistaken statement as to the date the summons was received). The mistake must be excusable under the circumstances, and relief will not be granted where a party should know the consequence of ignoring service of process. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 690 (9th Cir. 1988).

The Defendant's asserted reason for not answering the Complaint was that he was previously represented by an attorney relating to a grand jury subpoena in the SEC action, and that he mistakenly assumed that the Summons related to that action. The Summons in this case states, "A lawsuit has been filed against you" and named him in capital letters as a defendant.

Even if the court gives Defendant, a non-lawyer, the benefit of the doubt and finds that he made a mistake as to the Summons, subsequent conduct indicates that he was not innocent in the entry of default judgment. Even if Defendant has an excuse of mistake for not answering the Complaint, based on his phone calls he appears to have understood the need to respond to the Receiver's

6

application for default judgment.  On April 25, 2013, after the Receiver had filed an application for default judgment on April 1, Defendant called the Receiver and stated his defense.  (Davidson Decl. ¶ 7.)  On May 13, 2013, Receiver's counsel received a phone call from David Scott Kadin, who informed the Receiver that Kadin's firm might represent Defendant and asked the Receiver to set aside the default, which the Receiver declined to do.  (Id. ¶ 9.) Neither Defendant nor counsel for the Defendant appeared at the hearing on the application for default judgment on May 20, 2013. (Id. ¶ 10.)

Because both Defendant and his representative phoned the Receiver regarding the application for default judgment, Defendant appears to have been aware of the application and concerned about it.  Excusable neglect "encompasses situations where the failure to comply with a filing deadline is attributable to negligence" and "includes omissions caused by carelessness". Lemoge,587 F.3d at 1192 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993)).  Defendant's failure to defend the default judgment does not fall within excusable neglect.  Defendant has given no explanation for why he should be excused for not opposing the default judgment application.

**C. Meritorious Defense**

A motion to set aside a default judgment will not be granted when the Defendant does not have a "meritorious defense." In re Hammer, 940 F.2d at 525.  Defendant claims as a defense that he did not invest in Newpoint but rather made a loan to his brother and used Newpoint as the intermediary.  The court finds that the evidence Defendant offers to support this claim is unconvincing.

7

The evidence consists of the accounting prepared by Receiver's accountants with handwriting of an unknown origin indicating "home repair" next to certain checks. This does not in any way support Defendant's claim that he loaned money to his brother through Newpoint, or that six of the checks to him were given to him by Farahi so that he could cash them. The court finds that Defendant has not presented a meritorious defense.

**D. Prejudice to Plaintiff**

The court finds that Plaintiff would be prejudiced if the default judgment were set aside. The Receiver has expended attorney's fees in seeking the default and default judgment against Defendant, and the estate and innocent investors will be prejudiced if the judgment is set aside and the Receiver is obligated to expend more estate resources in prosecuting the action, particularly when Defendant has no meritorious defense.

**IV. CONCLUSION**

For the above reasons, Defendant's motion to set aside and vacate the default and default judgment is DENIED.

IT IS SO ORDERED.

Dated: July 30, 2013

DEAN D. PREGERSON
United States District Judge